THE PEOPLE *ex rel.* George M. Caldwell *et al.*

*v.*

THE COMMISSIONERS OF WILD CAT DRAINAGE DISTRICT.

181   177
d91a ³245

*Opinion filed October 13, 1899.*

1. PLEADING—*when plea in quo warranto is cured by verdict.* In *quo warranto* against drainage commissioners to test their right to exercise jurisdiction over the relators' lands and assess the taxes complained of, a plea setting up a resolution of the board, reciting that the relators had connected their ditches with those of the district and had thus voluntarily applied, under the statute, to be included in it, although defective for failure to specifically show title in the district aside from its own findings and conclusions, is cured by verdict for defendants upon an issue joined on a replication denying that the connection was made.

2. DRAINAGE—*owner of dominant heritage cannot connect with drainage ditch without conforming to the statute.* The right of the owner of a dominant heritage to collect into ditches the waters naturally flowing from his lands over a servient heritage, does not entitle him to discharge them into the artificial ditches of a drainage district located thereon without subjecting himself to the conditions of section 42 of the Farm Drainage act, (Laws of 1885, p. 91,) providing that such connection shall be deemed a voluntary application to be included in the district and that the lands drained shall be subject to taxation.

3. SAME—*one connecting with drainage ditch is estopped to deny benefits.* One who voluntarily connects his ditches with the drains dug by the commissioners of a drainage district and drains his lands through them, thereby subjecting his premises to taxation under the provisions of section 42 of the Farm Drainage act, cannot be heard to say that his lands are not benefited.

181—12

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

WHITE & DOBBINS, and A. J. MILLER, for plaintiffs in error.

J. L. RAY, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The State's attorney of Champaign county, in the name of the People, on the relation of certain land owners feeling themselves aggrieved, filed an information in the nature of a *quo warranto* against the commissioners of the Wild Cat drainage district, and alleged that said commissioners, without warrant of law, did usurp and exercise jurisdiction over certain lands belonging to the relators, and did pretend to annex said lands to said district and to levy certain special assessments thereon for drainage purposes, and asked that said commissioners be required to show by what warrant or authority they exercised the acts complained of.

Section 42 of the Farm Drainage act provides, among other things, that the owners of lands outside the district may connect with the ditches of the district already made by the payment of such an amount as they would have been assessed if originally included in the district, and if they shall so connect they shall be deemed to have voluntarily applied to be included in the district, and their lands benefited by such drainage shall be treated, classified and taxed like other lands within the district.

By their plea to the information defendants alleged that the district was a corporate body duly organized for drainage purposes in Champaign county, and that the commissioners had, before the filing of the information, at a regular meeting, adopted a certain order and resolution reciting and finding that the relators and others had connected the ditches on said lands with the ditches of the district and thereby drained their said lands into

and through the ditches of said district, and had there-
by voluntarily applied to have their lands included in
said district; and the order also declared that said lands
should be and were so included, attached to and made a
part of the district and assessed and taxed accordingly.
The court overruled a demurrer to this plea, and the
plaintiffs filed two replications, by one of which the
alleged connection was denied, and by the other it was
alleged that the relators' lands were not benefited.  Issues
were made, and the court submitted to a jury for trial
the issue made by the first replication, whether or not
the relators had connected their drains with the ditches
of the district, but refused to submit the issue made on
the second replication, that said lands were not bene-
fited.  The jury found that all the relators, except two
mentioned, had so connected their drains, and judgment
of ouster was rendered against the district as to the
lands of the two relators not so connected, and for their
costs, and in favor of the district as to the rest, and for
costs.  By this writ of error the land owners feeling them-
selves aggrieved by the judgment ask its reversal.

It is urged that it was error to overrule the demurrer
to defendants' plea, and that this error was not cured by
pleading over or by the verdict.  The point made is, that
the defendants were bound to justify,—that is, were bound
to show by what warrant or authority they exercised
their corporate functions over the lands in question and
performed the acts and assessed the taxes complained of,
and that the burden of proof was on them at the outset,
and that their action in adopting the order and resolu-
tion set up in their plea, without any positive allegation
that the relators had so connected their lands, was in-
sufficient.  In support of this view plaintiffs in error cite
*People ex rel.* v. *City of Peoria*, 166 Ill. 517, where, among
other things, it was said that in justifying it was incum-
bent on the corporation to show its title specifically, and
that it could not do this by showing only its own find-

ings and conclusions. Such is the rule in cases of this character. It is clear, however, that the defect in the plea was cured by pleading over, or, certainly, by the verdict. In their replication the relators replied that they did not connect their ditches, etc., as alleged in said resolution and charged in said plea. Issue was joined by *similiter*, and upon the trial the defendants assumed the burden of proof to prove affirmatively, in addition to the making of the alleged order and resolution, that the relators had in fact made the connection recited and alleged in the resolution, and the court instructed the jury that the burden of making such proof was on the defendants. The question is not one of the statement of a defective cause of action or defense, as supposed by counsel, but a defective statement of a good cause of action or defense, and the defect was cured by the verdict.

It is next urged that the evidence does not support the verdict and judgment. We have carefully read and considered the evidence and are of the opinion that this point is not well taken. The question of fact was one for the jury, and we are unable to see that there was such a lack or insufficiency of evidence, or preponderance the other way, as to justify us in setting such finding aside. The section of the statute referred to has been considered by this court in numerous cases of this character, and it has been held that while the owner of the dominant heritage has the right to collect the waters naturally flowing from his lands over the servient heritage into ditches and drains and thus to discharge them, yet when he connects his ditches with the ditches dug by the district the statute takes effect, and he must be held to have voluntarily applied to have his lands included within the district. The mere fact that these relators had the legal right to have the waters from their lands flow off over the lands below them lying within the drainage district gave them no right to connect their drains with the artificial drains of the district without subject-

ing themselves to the conditions imposed by the statute. (*People ex rel.* v. *Drainage Comrs.* 143 Ill. 417; *Comrs. of Drainage District* v. *People ex rel.* 138 id. 87; *People ex rel.* v. *Drainage District,* 155 id. 45; *People* v. *Jones,* 137 id. 35.) The jury have found that they did so connect, and it is immaterial that, as owners of the dominant heritage, they were entitled to discharge the waters from their lands upon the lands in the district below them. They had no legal right by artificial means to turn such waters into the ditches dug by the district without assuming the burdens imposed by the statute.

It is next said that the court erred in refusing to submit to the jury the question whether or not said lands were benefited by such drainage through the ditches of the district. If the relators voluntarily drained their lands through the ditches dug by the authorities of the drainage district by connecting with them, and thus applied to have them annexed to the district, they ought not to be heard to say, in a proceeding of this character, that such lands were not benefited thereby. Such a connection and such an application to have the lands annexed must be treated as an admission they are benefited. As to certain lands of some of the relators it was found the drainage as to them was not so connected, and that they were not, of course, benefited by the drains of the district, and they were not included.

We are of the opinion that the circuit court decided correctly in not submitting to the jury the issue made by the second replication, as it was an immaterial one.

Complaint is made of the decisions of the court in giving instructions asked by the defendants and in modifying instructions asked by the plaintiffs, but we regard these rulings of the court as substantially free from error. The criticisms made are numerous, and we regard it unnecessary to review them here.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*