# Drainage Commissioners of District No. 1 of the Town of Young America v. The Drainage Commissioners of District No. 7 of the Town of Shiloh.

1. DRAINAGE—*Recovery—Where One District Connects its Drains to Those of Another.*—No remedy is prescribed by the statute against another district for connecting its ditches with those of a district already made, and it must be presumed that the legislature, in granting the right to do so and creating a liability for doing so, without providing a specific remedy for its enforcement, intended to relegate the district to an appropriate remedy common to courts of justice.

2. SAME—*Right to Connect Ditches Permissive.*—The right granted by the statute to a drainage district to connect with the ditches of another district already made, is permissive, and of the same nature as that granted to private owners of land outside of the district, and in either case the connection is voluntary, and when made, subjects the district making the connection to the liability imposed by the statute.

3. SAME—*Implied Promises to Pay.*—An implied promise to pay the amount imposed by the statute by the voluntary acceptance of the benefits arising by reason of the connection of its drains to those of another district.

4. SAME—*Commissioners Not Required to Pay in Advance.*—The drainage commissioners are not required to pay in advance when connecting with the drains of another district.

5. SAME—*Effect of Making a Connection with the Drains of Another District.*—By making a connection with the drains of another district, the district making the connection will be treated as admitting that its lands are benefited by such connection.

6. GENERAL DEMURRER—*Substance of the Declaration Will be Looked to.*—Where the gist of the counts of the declaration is assumpsit and the demurrer is general, the form will be disregarded and the substance looked to for the purpose of determining the nature of the action.

Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

H. S. TANNER and ECKHART & MOORE, attorneys for appellants.

JAMES A. EADS and F. W. DUNDAS, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Both appellant and appellee are drainage districts organized under the act commonly known as the farm drainage act, and this suit was brought by the former against the latter to recover under the provisions of the forty-second section of that act, because the latter drainage district connected its ditches with the ditches of the former drainage district, already made. The declaration contained two counts. The first count alleges that appellant constructed an open ditch, beginning at the south boundary of the district, which is the town line between the towns of Young America and Shiloh, and ran from thence northwesterly to its western boundary and outlet; the appellant district was afterward enlarged by taking into it additional lands, some of which were in the town of Shiloh, and later the ditch was increased in size sufficiently to carry all the waters of the district and such as would naturally flow into it from the outside and above the district boundaries. After this appellee district constructed a ditch through its own boundaries and

extended the same into the appellant district; that appellee connected its ditch with the upper end of the ditch in appellant district; whereby the waters of appellee district had their outlet through the ditch of appellant district by means of which the former became liable to pay the latter, as provided by statute, such amount as the lands in appellee district would have been assessed had they been originally in appellant district. The second count is substantially the same as the first, except that it claims that in consequence of the connection of the ditches a much larger quantity of water was caused to flow into appellant's ditch than would naturally flow into the same, rendering an enlargement necessary; that such enlargement of appellant's ditch was made at great cost, and that it was the duty of appellee district to pay the cost of such enlargement. Appellee demurred to the declaration, which the court sustained, and appellant abiding by its declaration the court gave judgment against it in bar of the action and for costs, from which this appeal is brought, and such action of the court is argued as error, by which a reversal of the judgment is sought. ·

So much of section 42 of the statute referred to, and under the provisions of which this suit is brought, as is material to the decision of this case, provides that the owner of lands outside the drainage districts, or another drainage district, may connect with the ditches of the district already made by payment of such amount as they would have been assessed if originally included in the district, or if such connection shall, by increase of water, require an enlargement of the district ditches, then the outside owners of land so connecting, or other drainage district, as may be, shall pay the cost of such enlargement. The section then provides that if individual land owners outside the district shall so connect they shall be deemed to have voluntarily applied to be included in the district and their lands shall be treated, classified and taxed like other lands within the district, thus providing a remedy in that class of cases. But no remedy is prescribed by the statute against another drainage district connecting its ditches with the district already made,

and it must therefore be presumed that the legislature, in granting a right and creating the liability therefor, without providing a specific remedy for its enforcement, intended to relegate the drainage district to an appropriate remedy common to courts of justice.

It is first argued by appellee, in support of the judgment, that if a recovery can be sustained, it must be for a tort or a debt and they then assume the action is *ex delicto* because it is "trespass on the case." While the summons and commencement of the declaration may be in form as stated by counsel, yet the gist of the counts of the declaration is assumpsit, and the demurrer being general, the form will be disregarded and the substance looked to for the purpose of determining the nature of the action. The right granted by the statute to another drainage district to connect with the ditches of the district already made, is permissive, and of the same nature as that granted to private owners of land outside of the district, and in either case the connection is voluntary, and when made, subjects the owner or district to the liability imposed by the statute. An implied promise to pay the amount described in the statute arises by the voluntary acceptance of the benefits offered thereby. It is insisted, however, that the act of the commissioners was tortious in connecting with the ditches of the appellant, without first providing for the payment of the liability imposed by the law, and appellee not being liable for the torts of the commissioners, as it is argued, this action will not lie. We do not believe the act of the commissioners was tortious. The law granted the privilege they voluntarily exercised and it would be absurd to say that the same act can be both lawful and unlawful at the same time. The commissioners were no more required to pay in advance, than a private land owner outside the district would be, and the statute as to such owner is, in effect, after he has made connection his lands shall be treated, classified and taxed like other lands. The principle of the statute is the same whether applied to another district, or to a land owner outside the district; and while the remedy is differ-

ent, if invoked by the creditor district against the debtor
district, the principle that measures the damages is the same
and none other. If appellee accepted the liability sought
to be imposed by this suit, the principle of the statute,
which is that each tract of land within its boundaries should
be assessed in proportion to the benefits conferred upon it
by the connection made with the ditch of appellant district
would apply in raising the fund necessary to meet such lia-
bility. This suit is necessary only because appellee denies
its liability under the statute, and if such liability shall be
established herein, the effect of the judgment, and the
method of its payment, will not be greater or different than
would be the acceptance of such liability without suit or
judgment. All the judgment will accomplish will be to
compel appellee to do what it might voluntarily do without
it, and it is but imaginative to contend, as counsel do, that
the judgment will exceed the benefits conferred upon the
lands within the district in consequence of the connection
made with appellant's ditch; for in such case, as well as all
others, the limitation of the statute will apply, which is
that the tax upon the land shall not exceed the benefits to
accrue to such land by the drainage or improvement for
which it was made. By making the connection, which it
did, with the ditch of appellant district, appellee district
will be treated as admitting the lands of that district are
benefited (People v. Wildcat Drainage District, 181 Ill.
177), and the proportions and amounts of such benefits
should be ascertained as provided by the statute. In the
case of the private owner who connects, the district to
which the connection is made will make the assessment,
and in the case of another district, it will make the assess-
ment upon the lands within its boundaries, benefited by
the connection, the same at if it had laid out and executed
the work itself.

That the commissioners of appellee district have the
power to make the assessment for the purpose of meeting
the liability imposed by the statute for connecting with the
ditch of appellant district, we think admits of no doubt.

They have the general power to construct drains and secure outlets, and we can not distinguish in principle the difference between constructing such drains and outlets themselves, and making assessments therefor, and the act of appropriating ditches already constructed by others, when the statute permits them, as it does, to do so. In either case the power exercised by the commissioners is the same, and such as is conferred by section 17 of the act in question; and in addition to the powers conferred by that section it is also provided in section 41, that after the completion of the work the commissioners shall thereafter keep the same in repair, and if for certain enumerated reasons, the lands of the district are not drained or protected as contemplated, or some of them receive but partial or no benefit, they shall use the corporate funds of the district to carry out the original purpose to the end that all the lands so far as practicable shall receive their proper and equal benefits, as contemplated when the lands were classified. If it be necessary to clear and enlarge natural or artificial channels lying beyond the boundaries of the district to obtain a proper outlet the commissioners shall use the corporate funds for this purpose; and if the necessary privileges can not be obtained for this by agreement, the commissioners may acquire the same by condemnation under the act for exercising the right of eminent domain, provided in all cases, if sufficient funds are not on hand the commissioners shall make a new tax levy.

So it will be observed that in the last paragraph of section 41, to which we have referred, express power is given to the commissioners, when necessary, to go outside of the district to obtain proper outlets, with power to make a new tax levy. Was it necessary that appellee district go outside of its district to use the drains of appellant district as an outlet? The statements of the declaration make it conclusive that it was so necessary, and the system of drainage would be useless without the connection that was made. By reason of the connection the ditch of appellant district required enlargement, and it was so enlarged. If the drain

of appellant district had not been constructed by it, then to have obtained a proper outlet for the drains of appellee district, it would be required, as the statute contemplates, to go beyond the boundaries of its district and clear and enlarge the natural channel. This work was done for it by appellant district, and to the extent that the lands in appellee district are benefited by that work, it is in our opinion, under the clear provisions of the statute, liable to appellant, and by like provisions of the statute, ample power is given to make a new tax levy to pay for such outlet, and the numerous authorities cited by counsel under this head are not in point.

We are unable to discover that the declaration shows that a part of the lands of appellee district are included in appellant district, and are constrained to believe this point is founded upon a misconception of the declaration.

For the error in sustaining the demurrer to the declaration, the judgment of the Circuit Court is reversed, and the cause remanded, with directions to overrule the demurrer. Reversed and remanded.