## 114    APPELLATE COURTS OF ILLINOIS.

VOL. 113.] Drainage Comrs. Dist. No. 2 v. Drainage Comrs. Dist. No. 3.

**Drainage Commissioners of Drainage District No. 2 v. Drainage Commissioners of Union Drainage District No. 3.**

1. DRAINAGE DISTRICT—*how amount for which a, is liable, where it connects with the ditch of another district, is determined.* The amount to be paid by a drainage district in such a case is determinable alone by the benefits accruing to the lands in such connecting district by reason of such connection.

2. DRAINAGE ACT—*construction of section 42 of.* The mere fact that at the time of the connection by one drainage district with the outlet ditch of another, such outlet ditch had not been "already made," does not affect the liability of such connecting district to pay for the benefits accruing to the lands within the same by reason of such connection, where the plans for the two drainage districts appeared to have been adopted about the same time and in contemplation of each other.

3. BENEFITS—*what does not relieve drainage district from liability to pay.* Where an outlet ditch has in its inception, enlargement and extension been constructed for the benefit of the undertaking district alone and another district subsequently connects therewith, recovery cannot be obtained from such connecting district for the cost of such enlargement and extension, but such connecting district is liable for the amount of benefits accruing to the lands exclusively in its district.

4. BENEFITS—*when estoppel to deny, arises.* Where one drainage district connects with another it becomes estopped to deny that some benefit accrued to the land within its limits.

5. BENEFITS—*what evidence competent in proof of.* In an action to recover benefits accruing to land within a drainage district which has connected with the outlet ditch of another district, it is competent to show the relative volume of water carried by the ditches of the two districts and the relative acreage included in the two districts.

6. BENEFITS—*what does not bar recovery for.* Where a drainage district has constructed a system of drainage and received payment of an assessment levied for that purpose upon the lands located therein, such payment does not bar a recovery of benefits from the drainage district subsequently connecting with the outlet ditch of such system, notwithstanding some of the land upon which such assessment was levied was, likewise, located in such connecting district; in such case the recovery is from, and the benefits are to be paid by, the connecting district in its corporate capacity.

7. ERROR—*when estoppel to urge, arises.* Where a party has attempted to make proof in a particular way and objection to such proof has been interposed and sustained, the party making such objection cannot thereafter contend that it was error not to have required the proof to have been made in the manner it was so attempted to be made,

## Third District—May Term, 1903.    115

Drainage Comrs. Dist. No. 2 v. Drainage Comrs. Dist. No. 3.

8. RECOVERY—*when, cannot be complained of.* Where a recovery has been obtained upon a theory of liability which imposed a lesser burden upon the defendant than the correct theory would have imposed, there is no cause for complaint on appeal.

9. MEASURE OF DAMAGES—*when erroneous instruction upon, constitutes harmless error.* Where an instruction is subject to criticism in not properly stating the correct measure of damages, yet if the jury has been repeatedly instructed upon the correct measure of damages, the error is deemed to have been cured.

10. DECLARATION—*when, sufficient to sustain judgment.* A judgment will be sustained by a declaration which contains one good count to which the evidence is applicable and the judgment responsive.

Proceeding under section 42 of the Farm Drainage Act. Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed March 16, 1904.

ECKHART & MOORE, for appellants.

JAMES W. and EDWARD C. CRAIG, and JOHN H. CHADWICK, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellees in this suit seek to recover from appellants under the provisions of section 42 of the Farm Drainage Act, such amount as the lands in appellant district and not in appellee district would have been assessed for benefits, if such lands had been in appellee district, by reason of the connection by the appellant district of its main and lateral ditches with appellees' outlet ditch; or the cost of the enlargement of appellees' outlet ditch made necessary by such connection of appellants' ditches therewith. To the declaration, consisting of four counts, appellants pleaded the general issue, and a trial before a jury resulted in a verdict against appellants for $3,258.33⅓, upon which verdict, after motion for new trial overruled, the court rendered judgment.

Appellee district includes within its limits 5,204 acres of land in the townships of Murdock and Newman in Douglas county, and for the most part lies below appellant district which contains 5,783 acres in said Murdock township.

116    APPELLATE COURTS OF ILLINOIS.

VOL. 113.] Drainage Comrs. Dist. No. 2 v. Drainage Comrs. Dist. No. 3.

A portion of the lands, about 1,832 acres, being approximately in the center of the territory formed by the two districts, is in both districts. The two districts were organized on the same day, September 3, 1900, appellant district at eight o'clock A. M., and appellee district at ten o'clock A. M. Two of the commissioners of appellant district were also commissioners of appellee district and both districts employed the same engineer to locate and survey the ditches and drains necessary, for the proper drainage of the lands in the respective districts. In his report to the commissioners of appellant district, which report was adopted by them, the engineer recommends the construction of an open ditch which should discharge its waters into an open ditch "which is to be constructed" by the appellee district. The open ditch referred to, to be constructed by appellee district, and with which appellant district proposed to connect as an outlet, was to terminate at the southwest corner of section 3 in Murdock township, but subsequently, on October 26, 1900, the commissioners of appellee district determined to enlarge and extend such open ditch or outlet to the south line of section 9. The commissioners of appellant district being advised of the action of the commissioners of appellee district proposing to enlarge and extend such common outlet, on November 24, 1900, adopted a plan enlarging its main ditch to connect with the common outlet to be constructed by appellee district. The cost of enlarging and extending the common outlet was $11,775 and was paid by appellee district by assessment levied on all the lands in the district, the proportion of such cost assessed and levied on the lands in appellee district which are also in appellant district, amounting to $2,000. It is because of the connection by appellant district of its two ditches, the main ditch and the Overturf ditch, with this common outlet, that appellee district brings this suit, to recover the amount that the lands exclusively in appellant district should pay for the benefits accruing to said lands by such connection.

It is urged by appellants that the second, third and

fourth counts of the declaration do not state a cause of action and that there is no evidence in the record authorizing a recovery under the first count. In the view we take of this case, it is not necessary to consider or determine the numerous questions raised by appellants' counsel as to the sufficiency of the second, third and fourth counts of the declaration. It is conceded that the first count states a good cause of action, and predicated on that concession we shall consider and determine the questions involved.

Section 42 of the Farm Drainage Act provides, "the owners of land outside the drainage district or another drainage district may connect with the ditches of the district already made by the payment of such an amount as they would have been assessed if originally included in the district or if such connection shall, by increase of water, require an enlargement of the district ditches, then the outside owners of land so connecting or other drainage district, as may be, shall pay the cost of such enlargement." The connecting district is by this section made liable to pay such amount as it would have been assessed if originally included in the district, when it connects with a ditch of a district "already made." The only basis of assessment for any purpose, recognized and authorized by the act, is benefits accruing to the lands involved, so that the amount to be paid by a connecting district is determinable alone by the benefits accruing to the lands in such connecting district. It is insisted by appellants that district No. 2 cannot be held liable to pay for a connection with the outlet ditch of district No. 3, because the latter district or its outlet ditch were not "already made" at the time of the connection. As heretofore stated, the same engineer planned the schemes of drainage for both districts; two of the commissioners of district No. 2 were also commissioners of district No. 3; the plans for drainage in both districts were adopted on the same day and the plan adopted by district No. 2 was expressly dependent upon, and in contemplation of, the plan pending for adoption by district No. 3. Without a connection with the outlet provided for by dis-

118      APPELLATE COURTS OF ILLINOIS.

VOL. 113.] Drainage Comrs. Dist. No. 2 v. Drainage Comrs. Dist. No. 3.

trict No. 3, the drainage of district No. 2, as planned, would be impossible. In this state of the record, it would be trifling with the substantial rights of litigants, to hold that appellees had no remedy under section 42, because, forsooth, their plan of drainage was adopted two hours after that of appellants.

Appellants also insist that there can be no recovery under the first count of the declaration because the proof shows that the ditch with which district No. 2 connected is not the ditch described in the declaration. The ditch described in the declaration and with which it is alleged district No. 2 connected, is the ditch as finally completed in pursuance to the plan for the enlargement and extension of the ditch as originally planned, and which plan for enlargement and extension was adopted by district No. 3 on October 26, 1900. The record shows conclusively that district No. 2 in fact connected with such enlarged and extended ditch of district No. 3, and that the connecting ditches of the former district were enlarged to meet the requirements of the grade adopted in the enlargement of the outlet ditch of the latter district. It may be conceded that the outlet ditch constructed by district No. 3, was, in its inception and in its enlargement and extension, undertaken for the benefit of that district alone, and we are of the opinion that the weight of the evidence in the case supports that conclusion, at least as to the enlargement and extension of such ditch. It does not therefore follow that appellant district may connect with such outlet ditch without incurring any liability to pay for such connection. Appellant district would not in such case be liable for the cost of the enlargement but it would be liable to pay to appellee district the amount of benefits accruing to the lands exclusively in appellant district by reason of such connection. By connecting with the outlet ditch of appellee district, appellant district is estopped from denying that some benefit accrued to the lands within its limits. Drainage Comrs. v. Drainage Comrs., 91 Ill. App. 241. But in this case the proof shows that substantial benefits in fact accrued to

appellant district by such connection and that such benefits were enjoyed in some measure by the lands lying exclusively in that district. The cost of such outlet ditch having been shown to be $11,775, appellant district must pay such proportion of such cost as the benefits to the lands lying exclusively within its limits bear to that amount. Appellees proposed to prove the amount of such benefits by showing the benefit that would accrue to each tract of land lying exclusively in appellant district, but upon appellants' objection that such benefits must be shown in gross, the latter method was adopted and appellants cannot now be heard to say that appellees should have pursued the former method. There is competent evidence in the record showing that the amount of benefits accruing to the lands exclusively in appellant district, is considerably in excess of the verdict and judgment, and unless error has intervened to the prejudice of appellants, such judgment must stand. The witness Miller was not incompetent to testify, as an expert, to the amount of benefits accruing to the lands involved, merely because he had not seen the lands before the system of drainage was installed. He had made a survey of the lands in both districts and was familiar with the system of drainage as it existed.

It is insisted that the court erred in permitting witnesses to testify as to the relative volume of water carried by the ditches of the two districts and the relative acreage in the two districts and in allowing witnesses to predicate thereon their opinion as to the benefits accruing to the lands in question. It may be conceded that opinions based on these considerations alone would not be conclusive, but it cannot be said that they did not properly enter into an estimate of the amount of benefits that would accrue to the lands involved as a whole. By appellants' objection, appellees were forced to prove such benefits in gross, and we think the evidence was competent as fairly tending to prove the same. The verdict of the jury does not suggest that it was influenced by an improper consideration or application of the evidence in question.

120    APPELLATE COURTS OF ILLINOIS.

VOL. 113.] Drainage Comrs. Dist. No. 2 v. Drainage Comrs. Dist. No. 3.

Appellants contend that a proper construction of the section quoted fixed their liability, if any, at such amount as the lands involved would have been assessed for the cost of the entire system of drainage in district No. 3, and that it does not authorize a recovery of the amount which such lands would have been assessed for the cost of the outlet ditch alone. It is manifest that the cost of the entire system of drainage in district No. 3 was much greater than the cost of the outlet ditch alone. The greater includes the lesser, and assuming appellants' construction of the section to be correct, they cannot complain because appellees are seeking to recover a lesser amount than appellants are liable to pay.

When the assessment was levied by district No. 3, to pay the cost of its system of drainage, all the lands in the district were assessed a proportionate share of such cost, based on the benefits accruing to such lands. The amount paid under such levy by the owners of lands lying in both districts, approximated $2,000. Appellants insist that such amount so levied and paid constituted a payment in full by district No. 2, and that such payment bars a further recovery in this suit. District No. 2 in its corporate capacity paid no part of the $2,000. The lands upon which the assessment was levied that realized that amount, were all in district No. 3. The commissioners of district No. 3 had no authority to levy an assessment on lands exclusively in district No. 2, such authority being vested solely in appellants. If the judgment in this case is sustained, it must be paid by appellants through the medium of an assessment levied by them on the lands exclusively in district No. 2. When this is done, all the lands in both districts will have contributed to the cost of the outlet ditch, in proportion to the benefits realized. We hold that the payment of $2,000 by the owners of lands in district No. 3, which lands are also in district No. 2, was not a payment by appellants, which bars a recovery in this suit for benefits accruing to the lands lying exclusively in district No. 2.

The record in this case, voluminous as it is, is in many

## THIRD DISTRICT—MAY TERM, 1903.    121

Drainage Comrs. Dist. No. 2 v. Drainage Comrs. Dist. No. 3.

respects unintelligible, and for this condition of the record all the parties concerned are responsible. Witness after witness was permitted to refer to maps and plats in evidence by merely pointing to the same in indicating tracts of land, ditches, tile drains, roads, etc. This court was not present at the trial below; did not hear and see the witnesses testify with reference to such maps and plats, and their evidence as it appears in the record and abstract with reference to certain ditches, etc., indicated on such maps and plats as follows, " this ditch commenced about here (indicating) and ended here (indicating)," means absolutely nothing in cold type. It is the duty of court and counsel, during the conduct of a trial, to preserve an intelligible record of the proceedings, so that a court of review may, from such record, be able to understand and apply the evidence of the witnesses.

It is urged that the judgment must be reversed because of error in the instructions. The second instruction given on behalf of appellees told the jury " that it was no defense in this case, that the defendant district was organized before the plaintiff district," while the 24th, 25th and 26th instructions given on behalf of appellants told the jury in substance, that if defendant district was first organized it had a right to connect with the ditch of plaintiff district without incurring liability to pay for such connection. Which district was first organized becomes important only in view of the language of section 24, " another drainage district may connect with the ditches of a district *already made*," etc. We have heretofore held that appellee district was " already made " within the meaning of this section, so that appellant district by connecting with its ditch, became liable to pay for the benefits accruing by such connection. This conclusion seems to us, in the face of the record, to be irrefutable and the only one at which the jury could have properly arrived. Appellants therefore were not prejudiced by the contradictory instructions.

Appellees' third instruction told the jury in substance, that if the outlet ditch of appellee district was enlarged

122    APPELLATE COURTS OF ILLINOIS.

VOL. 113.] Drainage Comrs. Dist. No. 2 v. Drainage Comrs. Dist. No. 3.

and deepened for the joint benefit of both districts, then appellant district should pay such amount as it would have been assessed if the lands in appellant district, which are not in both districts, had been originally embraced in appellee district. Although inartificially drawn, this instruction, read as one of the series given, could not have misled the jury. Appellees' seventh instruction informed the jury that the assessment levied by appellee district on lands in both districts, should not be considered as a payment by appellant district. This accords with our view as hereinbefore expressed. The eighth instruction given on behalf of appellees told the jury that if appellee district deepened its main outlet for the purposes of its own district, yet if appellant district connected its ditches with such main outlet, and in doing so, took advantage of the added depth of the main outlet, appellants would be liable to appellees for their proportionate share of the extra cost of deepening the outlet. While this instruction is not free from criticism, wherein it assumes to state the measure of recovery, yet, in view of the fact that the jury was repeatedly properly instructed in that regard, the error, in this case, was cured. What has been heretofore said, substantially disposes of objections urged to other instructions.

It is apparent that the verdict of the jury in this case was predicated on the cause of action and measure of recovery alleged in the first count of the declaration. If the jury had awarded appellees the entire cost of the outlay, it would have been equally apparent that such verdict was based on the second count of the declaration which alleges a different cause of action and measure of recovery. In this state of the record, it is sufficient that there is one good count in the declaration to which the evidence is applicable and the judgment responsive. Consolidated Coal Co. v. Scheiber, 167 Ill. 539.

The trial was conducted with particular reference to the issues involved under the first count of the declaration and the verdict of the jury is responsive thereto and is supported by the evidence. The errors in instructions and in the ad-

mission and exclusion of evidence are not such as would authorize a reversal of the judgment, standing, as it does, for substantial justice, and it will be affirmed.

*Affirmed.*

`REPORTERS' NOTE. In this case the court calls attention to the fact that witnesses, in giving their testimony, referred to various maps and plats, and the record, while it contains such maps and plats, is not made to show the portions of such maps and plats to which the witnesses from time to time referred. The court in this connection says : "It is the duty of court and counsel during the conduct of a trial to preserve an intelligible record of the proceedings so that a court of review may, from such record, be able to understand and apply the evidence of the witnesses." This statement in the opinion appears by way of criticism rather than as an adjudication, but it is suggestive of a point which we believe novel in this state, namely, where the record is in such condition and the references to maps and plats, not shown in the record, are material to the testimony of the witnesses, can a judgment be reviewed with reference to the sufficiency of the evidence to support the verdict and judgment ? Is not the principle the same as where the bill of exceptions does not purport to contain all the evidence, and should not the court presume absolutely that the verdict and judgment of the trial court was correct upon the facts ?

