(No. 11042.)

THE PEOPLE *ex rel.* Louie H. Ennis, Appellant, *vs.* JOHN W. DICK *et al.* Appellees.

*Opinion filed December 21, 1916—Rehearing denied Feb. 9, 1917.*

1. DRAINAGE—*when an owner of land is deemed to have voluntarily applied to be included in an adjoining drainage district.* Under section 42 of the Farm Drainage act an owner of land who connects the drains of his land with those of an adjoining drainage district and through them carries the drainage of his land to that district's ditch is deemed in law to have voluntarily applied to have his land included in the district, and by such voluntary application the owner is estopped to claim that the district is without authority to annex the land and assess it for the benefit it has received.

2. SAME—*when owner cannot complain that land is assessed by two drainage districts.* Where the owner of land, by connecting his ditches and making formal application, has his land annexed to a drainage district, and several years later the owner of the same land voluntarily connects other drains with those of another drainage district, which makes an order annexing the land to that district, neither the owner nor his successor in title can complain that the land is included in two districts, and in such case each district may assess the lands for such benefits, only, as are derived from the drainage through the drains of that district. (*Bishop* v. *People,* 200 Ill. 33, *People* v. *Crews,* 245 id. 318, and *People* v. *Lease,* 248 id. 187, distinguished.)

FARMER, J., dissenting.

APPEAL from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

THOMAS J. KASTEL, State's Attorney, CARL S. REED, and REDMON, HOGAN & REDMON, for appellant.

JAS. L. HICKS, and W. THOS. COLEMAN, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Drainage district No. 3 of Unity township, in Piatt county, was organized in 1886 under the Farm Drainage act. In 1887, upon the petition of the owner of the southeast quarter of section 30, township 16, north, range 6, east

of the third principal meridian, that quarter section was taken into drainage district No. 3 by the commissioners and was classified and assessed, and the owner has since that time paid all assessments on the land. Hammond Mutual Drainage District of the town of Unity, in Piatt county, and the towns of Lowe and Lovington, in Moultrie county, was organized in 1889. The southeast quarter of section 30 adjoins the Hammond Mutual Drainage District. In 1902 the owner of the quarter section laid a tile drain therein, connecting with the ditches of the Hammond Mutual Drainage District, and in August, 1914, the commissioners of the latter district, under the authority of section 42 of the Farm Drainage act, made an order annexing the quarter section to the Hammond Mutual Drainage District and proceeded to classify it and levy an assessment upon it. Thereupon an information in the nature of *quo warranto* was filed in the circuit court of Piatt county on the relation of Louie H. Ennis, the present owner of the land, calling upon the commissioners of the Hammond Mutual Drainage District to show by what authority they exercised jurisdiction over the quarter section of land in controversy. Pleas and replications were filed, which need not be noticed because it was stipulated that the parties might introduce on the trial any evidence competent under any plea or replication properly pleaded. On a trial judgment was rendered in favor of the defendants, the information was dismissed and the relator appealed.

The only question in the case is whether the Hammond Mutual Drainage District could annex the land in controversy, which was already a part of drainage district No. 3. It was stipulated that all the proceedings in the organization of both districts were regular and the proceedings for taking the relator's land into each of said districts were regular, but the relator claims that the proceedings of the Hammond Mutual Drainage District for taking her land into the district were not lawful because her land was al-

ready a part of drainage district No. 3. When drainage district No. 3 was organized a main tile was laid from the southwest corner northeast through the quarter section, which connected with the main ditch of district No. 3, and numerous lateral tiles were laid connecting with this main tile. The tile drain laid by the owner of the land in 1902 started at a point in the northwest quarter of the quarter section and extended south and southwest to a tile in the highway adjoining the quarter section, which through intermediate tile connected with the ditch of the Hammond Mutual Drainage District. This tile furnished drainage to about sixty acres of the quarter section all the time. The evidence shows that the general slope of the land, except a small part in the northeast corner, was toward the southwest, and that when the land was flooded the surface water ran to the southwest corner and finally reached the Hammond Mutual Drainage District's ditch through the tile laid by the owner of the quarter section and its connections.

Section 42 of the Farm Drainage act provides that the owners of land outside of drainage districts organized under that act may connect with the ditches of the district already made by the payment of such amount as they would have been assessed if originally included in the district, and that if individual land owners outside of the district shall so connect they shall be deemed to have voluntarily applied to be included in the district, and their lands benefited by such drainage shall be treated, classified and taxed like other lands in the district. It is under the authority conferred by this section that the respondents acted, and no question is made as to the regularity of the proceedings, but the appellant insists that two drainage districts cannot at the same time have jurisdiction over the same land, and that the fact that her land was already included in a drainage district precluded the Hammond Mutual Drainage District from annexing it to that district. The cases of *Bishop* v. *People,* 200 Ill. 33, *People* v. *Crews,* 245 id. 318, and *People* v.

*Lease,* 248 id. 187, are relied upon to sustain this position, and they state that two municipal corporations cannot exercise jurisdiction over the same territory, for the same purpose, at the same time. In those cases, however, the controversy arose between the drainage districts and unwilling land owners over whom jurisdiction was sought to be acquired and exercised against their consent, or between contesting drainage districts. This case presents a different situation. By connecting the drains of this quarter section with those of the Hammond Mutual Drainage District and through them carrying the drainage of the land to that district's ditch, the land owner is deemed in law to have voluntarily applied to have the land included in the district. Appellant has obtained the benefit of the drainage of her land to some extent through the ditches of the district for which she has not paid, and to the extent that her land is benefited it ought to be assessed by the district. By the voluntary application to be included in the district the owner of the land is estopped to claim that the district was without authority to grant the application, include the land and assess it for the benefit it has received. By an application formally made by the owner and allowed, the land was annexed in 1887 to drainage district No. 3, and by another application made by the owner the same land was annexed in 1914 to the Hammond Mutual Drainage District. The owner could not complain that by his own act his land was included in two districts, and the relator, who is his successor in title, cannot complain. No conflict of jurisdiction has arisen between the two drainage districts. Each can make assessments only for the benefits conferred on the land by the drainage through the drains of that district. If any conflict of jurisdiction should arise between the two districts as to this land it can be determined when it arises.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting.