(No. 20466.—)

THE PEOPLE ex rel. Walter G. Krohn, County Collector, Appellant, vs. JOHN PLEASE et al.—(HENRY BOHL, Appellee.)

*Opinion filed April 23, 1931.*

HJALMAR REHN, State's Attorney, (H. S. STREETER, of counsel,) for appellant.

E. P. HARNEY, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Will county disallowing the application of the county collector of that county for the sale of lands of appellee, Henry Bohl, for alleged delinquent drainage taxes on Bohl's land in the Washington-Yellowhead Union Drainage District No. 2, which taxes Bohl had refused to pay.

The Washington-Yellowhead Union Drainage District No. 2 lies partly in Kankakee county and partly in Will

county. Bohl's land lies in Will county. The drainage taxes thereon being delinquent, application was made by the county collector to the county court for a judgment order of sale therefor. Appellee appeared and filed six objections, five of which were stricken from the files on motion of appellant. The objection upon which the matter was heard and which was the basis of the judgment was as follows:

"3d. That no resolution was passed or adopted by the commissioners of said district ordering the amount of money to be raised by special assessment upon the lands of the district as may be necessary and that the same be apportioned among the several tracts according to the classification as finally established."

No cross-errors having been assigned by appellee, the only question which we are called upon to consider is that raised by this objection.

The Washington-Yellowhead Union Drainage District No. 2 was a district organized under section 48 of the Farm Drainage act. To a district so organized, section 26 of the act, which requires that "the commissioners by resolution shall order such amount of money to be raised by special assessment upon the lands of the district as may be necessary," applies, and the method of levying an assessment is governed thereby and not by section 62 of that act. This last named section, which does not require a resolution in the form provided in section 26, applies only to special drainage districts organized under section 49, and it, and *People* v. *Allen,* 317 Ill. 92, and *Lake Forest District* v. *Highway Comrs.* 292 id. 340, decided thereunder, have no application here.

In farm drainage districts the adoption by the commissioners of a resolution under section 26 of the Farm Drainage act, ordering such amount of money to be raised by special assessment as may be necessary, constitutes the levy, (*Kreitzer* v. *Barnes,* 331 Ill. 549,) and such resolution is essential to the validity of the assessment. (*People* v. *Carr,*

265 Ill. 220.) The clerk of this district, who was the town clerk of Yellowhead township and custodian of the records, testified to his familiarity therewith and that the resolution was on page 195. The minutes of the several meetings of the commissioners were introduced in evidence, and the abstract of the minutes of a meeting of the commissioners held April 14, 1926, shows that at such meeting the commissioners adopted a lengthy resolution, which contained, among other things, the following: "The commissioners considered all these things, ordered and directed that the plans for work of said district as determined by the commissioners having been determined that a special assessment for benefits be made; that the lands in said district be classified on a graduated scale, numbered according to benefits to be received by the contemplated repairing and extending of the said drainage district. The tracts of land which receive the most or about equal benefits being marked 100 and such as are adjudged to receive less benefits are marked with less numbers denoting each person's benefits, and that the classification of the lands as heretofore made in said district be used in spreading the contemplated assessment in the sum of $7312, as follows:" By this same resolution the commissioners classified the lands and specified the amount of the assessment charged against each tract. While the resolution of the commissioners was inartificially drawn it was in substantial conformity with section 26, and the court erred in sustaining appellee's objection to the application for judgment.

No other question being before us for consideration, the judgment of the county court of Will county is reversed and the cause remanded to that court, with instructions to enter judgment in conformity with appellant's application.

*Reversed and remanded, with directions.*