The People *ex rel.* Z. Baron *et al.*

*v.*

Drainage District No. 3 of Martinton Township.

*Filed at Ottawa January 15, 1895.*

1. Drainage—*when lands without a district become part of the same.* Under section 42 of the act concerning farm drainage, the lands of an owner who has enlarged a ditch connecting with a district ditch, so as to carry from his lands water which would not otherwise flow therein, and also lands of other owners who connect ditches on their lands with the ditch so enlarged, become subject to the jurisdiction of the drainage commissioners of the district, and may be taxed like other lands within the district.

2. Same—*what acts will be deemed an application to include lands in district.* An instruction that the provision of the Drainage act that a land owner connecting with the district ditch shall be deemed to have applied to be included in the district, does not apply if the owner "did no more than was reasonably necessary for the proper care of said drains," is erroneous, since the *proper care* of drains might include connecting them with such district ditch.

Appeal from the Circuit Court of Iroquois county; the Hon. C. R. Starr, Judge, presiding.

C. H. Payson, for appellants:

The fact of connection is jurisdictional, and without it exists, the proceedings of the commissioners in respect to classifying or assessing the land are without authority of law. If they had not connected with the drains of the district the order was nugatory. *People ex rel.* v. *Drainage Comrs.* 143 Ill. 420.

Hilscher & Goodyear, for appellee:

When relators turned the water from their land into an artificial channel connecting with the district ditch, they connected their drains and ditches with the ditch of the district, within the contemplation of the statute. *Drainage Comrs.* v. *People ex rel.* 138 Ill. 95 ; *People ex rel.* v. *Drainage Comrs.* 143 id. 423.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an information in the nature of *quo warranto*, instituted in the circuit court of Iroquois county, against Drainage District No. 3, to ascertain by what authority the drainage commissioners exercised jurisdiction over the lands of relators. To the information the commissioners interposed a plea, in which they, in substance, set up that the district was organized in 1882, under the Farm Drainage act, and that relators had connected ditches on their lands with the ditches of the district, and thereby had voluntarily applied to be connected with the district, and that the commissioners had platted and classified such lands, as they lawfully were entitled to do under the Farm Drainage act. To the plea relators filed a demurrer, which the court sustained, but on appeal the plea was held to be good, and the judgment of the circuit court was reversed and the cause remanded. (*Drainage District* v. *People ex rel.* 147 Ill. 404.) After the cause had been remanded, replications were filed to the plea and an issue formed. The issue presented by the plea was tried before a jury, resulting in a verdict and judgment in favor of the defendants. For the purpose of reversing the judgment of the circuit court this appeal was taken.

Section 42 of the Drainage act (Hurd's Stat. 570) provides: "The owners of land outside of the drainage districts or another drainage district may connect with the ditches of the district already made, by the payment of such amount as they would have been assessed if originally included in the district. * * * If individual land owners outside the district shall so connect, they shall be deemed to have voluntarily applied to be included in the district, and their lands benefited by such drainage shall be treated, classified and taxed like other lands within the district."

This section of the statute has been considered by the court in several cases. In *Comrs. of Drainage District* v.

*People ex rel.* 138 Ill. 87, where the section was under consideration, it is said:  "An outside owner may make the connection which the statute speaks of, with the ditches of the district, either by connecting his own ditches, if he has them, with those of the district, or by draining through the ditches of the district in some other mode. The statute does not specify how the connection is to be made.     If a man has no ditches, but yet in some way has his drainage,—that is to say, drains his land by and through the ditches of the district,—he thereby connects with the district ditches.  How can he drain through those ditches unless his land is somehow connected with them?"

In *People ex rel.* v. *Drainage Comrs.* 143 Ill. 417, where the statute was under consideration, it was held that the jurisdiction of drainage commissioners, under the Farm Drainage act, to annex outside lands to their district is conferred by the fact that the owners thereof have connected the drains and ditches on such lands with the ditches of the district; that the fact existing, parties so connecting are to be deemed as having voluntarily applied to be included in the district, and in such case the commissioners are required to treat, classify and tax their lands as other lands of the district.

Whether the relators had connected ditches on their lands with ditches in the district, as set up in the defendant's plea, was a question to be determined by the jury from the evidence, and if that question depended on the evidence of the relators alone, it may be conceded that as to a part of the relators the question would be left in doubt; but when all the evidence introduced on the trial is considered, we are not prepared to say that the verdict was not justified by the evidence.

But it is insisted, in the argument, that the court erred in giving defendant's third instruction and in refusing relators' instruction No. 2.  The first instruction mentioned above is as follows:

"If you find that Giguerre deepened and widened a ditch leading from and connected with the district ditch, over and across his land in sections 2 and 35, mentioned in evidence, after said district ditch was made and before August 29, 1891, and that the ditch so deepened and widened thereafter drained water from his land into the district ditch that would not have flowed into the district ditch if the ditch across his land had not been deepened and widened, and that said ditch so deepened and widened thereafter received waters from other ditches, and flowed and carried waters from such other ditches into the district ditches which would not have flowed into the district ditches if the ditch across his land had not been deepened and widened, then, in that case, Giguerre's ditch on section 35, and all ditches flowing waters into and through it, should be treated as connected with the ditches of the district, notwithstanding you may believe that there was a ditch across Giguerre's land before said district was organized, and as to all of the lands in question so drained by such ditches into the district ditches you should find for the defendant."

This instruction, as is manifest from its reading, was not prepared with that care that should have been used, and while its phraseology may be liable to criticism, the principle announced is in the main correct. If, after the organization of the district, a small ditch over Giguerre's lands was widened and deepened, leading from and connected with the district ditch so as to drain water from his lands into the district ditch which would not flow into the district ditch if the ditch over his lands had not been deepened and widened, it is plain that Giguerre should be deemed to have voluntarily applied to be included within the district, within the meaning of the statute. Moreover, we think it is also plain that if Giguerre deepened, widened and enlarged a ditch over his lands connecting with the district ditch, and other parties connected ditches on their lands with the ditch thus constructed

by him, and thus water was carried from their lands through this ditch to the district ditch which would not have flowed into the district ditch had not Giguerre enlarged and deepened the one over his lands, all those thus connecting with the Giguerre ditch should be deemed to have voluntarily applied to be included in the district. This, as we understand the instruction, is the principle announced. The relators had the right to have the water that accumulated on their lands flow in the direction nature had provided, and no presumption could ever arise that they had applied to be included in the district from the fact water flowed from their lands upon Giguerre's land or into his ditch, so long as such flow was a natural one, arising from the fact that their lands were higher than the lands he possessed. But while this is true, justice and fair dealing would not allow Giguerre to construct a ditch from the district ditch over his own lands, and allow other parties to construct ditches from their own lands into that ditch, and thus carry off water in that direction which would naturally go in another, without becoming liable to be connected with the district, and thus contribute to the expense of the improvement.

The court refused the following instruction asked by relators :

2. "That if you find, from all the evidence, that the ditches on the lands of any one of the relators were constructed before the organization of this district, then, as to such ditches, the law would permit such relator to keep the same clear and open for the benefit of his lands. And in such case, if such relator did no more than was reasonably necessary for the proper care of said drains, then such relator would not be deemed, in law, to have voluntarily applied to be included in the district."

And the decision is relied upon as error. No instruction was given by the court containing the same matter, and if the doctrine announced is in all respects correct, then it is apparent that the relators were entitled to

have the instruction given.   In *Peck* v. *Herrington,* 109 Ill. 611, we held that the owner of the dominant heritage or higher tract of land has the right to have the surface water falling or coming naturally upon his premises, pass off the same through the natural drains upon and over the lower or servient lands, and the owner of the dominant heritage may, by ditches or drains, drain his own lands into the natural and usual channel, even if the quantity of water thrown upon the servient heritage is thereby increased.   This doctrine has been followed in a number of subsequent cases, so that the rule laid down in that case may be regarded as the settled law of the State.   In the late case of *People* v. *Drainage Comrs.* 143 Ill. 417, in discussing this doctrine, it is said:   "The lands in the town of Young America, being servient, were bound to receive the water falling upon and flowing from the lands of relators, and it may be conceded that relators had the right to collect the water upon their lands in ditches and drains, and discharge the same, thus accumulated, upon the servient lands, without at all affecting the question here involved."

Under the rule announced, if the lands of relators were higher, which the evidence tends to prove was the case, than the lands where the district was formed, they had the right to keep and maintain the ditches and conduct the water upon the lower lands without incurring the liability of being annexed to the drainage district, and had the instruction announced this settled rule of law, and nothing more, it would have been error to refuse it.   But it will be observed that under the instruction the ditches of the relators may have been connected with the district ditch and still their lands not be liable to be included in the district.   The first part of the instruction declares, if the ditches on relators' lands were constructed before the organization of the district then they were entitled to keep them open for the benefit of their lands. No fault can be found with this statement.   The instruc-

tion then declares, in such case, if relators did no more than was necessary for the proper care of said drains, then they would not be deemed, in law, to have applied to be included in the district.   Suppose it was necessary for the proper care of the drains to connect them with the district ditch, then relators might make the connection, and still, under the instruction, not be liable to be included within the district.   If the last clause of the instruction, after the word "drains," had contained the following words, "and had in no manner connected with the district ditch," it would have been free from objection, but as it was prepared it was calculated to mislead the jury.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*