THE PEOPLE *ex rel.* August Herman *et al.*

*v.*

COMMISSIONERS OF BUG RIVER SPECIAL DRAINAGE DIST.

*Opinion filed February 20, 1901.*

1. DRAINAGE—*former status of land is immaterial if owner voluntarily connects ditch.* A judgment of the county court upon the original organization of a drainage district, to the effect that certain land shall not be included in the district, does not preclude the commissioners from annexing such land under section 42 of the Farm Drainage act, (Laws of 1885, p. 91,) where the owner has connected his ditches with those of the district.

2. SAME—*annexation of land under section 42 is several as to each tract.* The annexation of land to a drainage district under section 42, where the owners have connected their ditches with those of the district, is several as to each tract although many tracts may be annexed at the same time; and hence one owner cannot object that another's land is not sufficiently described, or insist that the commissioners have jurisdiction over every other person whose land they have undertaken to annex.

3. PRACTICE—*when defendant is entitled to judgment in bar of action.* If a defendant succeeds on one plea which is a complete answer to the declaration or information, he is entitled to judgment in his favor in bar of the action.

APPEAL from the Circuit Court of Montgomery county; the Hon. S. L. DWIGHT, Judge, presiding.

LANE & COOPER, and J. M. TRUITT, for appellants.

JAMES M. TAYLOR, and ZINK, JETT & KINDER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In August, 1897, the Bug River Special Drainage District in the counties of Montgomery and Christian was organized under the act of June 27, 1885, providing for such districts for farm drainage. (2 Starr & Cur. Ann. Stat. 1536.) Appellees, who are commissioners of said drainage district, afterward made an order under section 42 of said act, which was filed in the office of the county

clerk of Montgomery county March 11, 1899, annexing to said district various tracts of land adjoining and contiguous to the original boundaries of the district in various places. The basis for the order of annexation was, that the individual owners of said lands had connected the same with the ditches of the district and had thereby voluntarily applied to be included in the district, as provided in said section. The State's attorney of Montgomery county, by leave of the circuit court, filed in that court in this case an information in the nature of a *quo warranto*, upon the relation of the owners of a portion of said tracts of land, against the appellees, as such commissioners, calling upon them to show by what right they exercised the rights of drainage commissioners over said lands as part of the district. The defendants demurred to the information, and their demurrer being overruled, they filed three pleas. The People demurred generally and specially to these pleas, and the demurrer was overruled. The People then elected to stand by the demurrer to the first and third pleas, and took leave to reply double to the second plea and filed four replications thereto. The defendants refused to either demur or rejoin to said replications, but moved the court for judgment on their first and third pleas to which the demurrer had been overruled. The People moved for judgment on the several replications to the second plea to which the defendants had not rejoined. The court entered judgment for the defendants on the first and third pleas, dismissing the information and giving judgment against the relators for costs. The errors assigned are the overruling of the demurrer to the first and third pleas, the refusal of the court to give judgment against defendants on the replications to the second plea which were unanswered, and the entry of judgment in favor of the defendants on their first and third pleas.

The information does not question the original organization of the drainage district nor its existence, nor

that defendants were the lawful commissioners, but challenges the proceeding for annexation of lands to it by the subsequent order, and the right of the defendants to exercise their powers as drainage commissioners over the lands so annexed.   The information sets out that when the drainage district was originally organized an attempt was made to include therein the lands of some of the relators, which are a portion of the lands in question, but after a contested hearing in the county court that court held that said lands were so situated that they should not be included, and they were by that judgment not included in the district.   The pleas to that information allege that after the organization of the drainage district divers individual owners of lands adjacent to and outside of said district, including the relators, connected their lands by ditches and drains with the ditches of said district, and thereby voluntarily applied to be taken into and included in said district, which lands were the lands annexed by said order, and that the defendants, having ascertained the fact of such connection, made their order annexing them to the district.   The People contend that the judgment of the county court was *res judicata* as to the status of said lands over which the contest was had, and their relation to the lands in the district; that inasmuch as the county court decided that part of these lands were not so situated that they should be made a part of the drainage district, the commissioners had no power to annex them thereto, and that therefore the pleas are not sufficient answers to the information.   The demurrer admits the fact alleged in the pleas that the owners of the lands connected them with the ditches of the district after the organization of the district.   It is not material what the status or relation of the lands to the district was when it was originally organized, but the fact alleged is a subsequent connection by the land owners, which, by the statute, authorized the annexation.   The pleas are good in that respect.

A ground of special demurrer to the pleas is, that in each of them a list of the lands annexed is given, with the names of the owners and an attempted description, and that a few of these tracts are so insufficiently described that they cannot be located.    There are some twenty different tracts here listed, and a small fraction of them are described merely as a part of a certain forty-acre tract, with no way to ascertain what part it is.    In those cases the land is not described so as to be capable of identification, and it is claimed that the whole order of annexation is therefore void and the plea is insufficient.    The argument is, that if the order annexing these various tracts of land is invalid as to any tract it is invalid as to all.    In the original organization the territorial boundaries of the district were given and fixed. The tracts of land annexed, as set out in the pleas, are scattered pieces adjoining the original boundary, lying in nine different sections, many of them not connected in any way with the others.    It is undoubtedly true that where a district is organized it must be organized as a unit and the proceeding must be valid as a whole.    So, also, where there is a proceeding by petition to annex an area of land and create a larger district, the annexation is a unit and must stand or fall as a whole.    Where there was a proceeding by petition to enlarge a drainage district, it was held that the statutory provisions applicable to notice in the case of the original organization should apply to the proceeding to enlarge the boundaries, and that each owner had a right to insist that the annexation should be valid as a whole, and that if it was void as to some it was void *in toto.*    (*Comrs. of Drainage District* v. *Griffin*, 134 Ill. 330.)    In another case, where there was a proceeding to organize a district in pursuance of a petition, we held that one land owner may object to the consideration of a petition upon the ground that statutory notice has not been given, and may insist that the proceeding shall be valid as a whole.    (*Sanner* v. *Union*

*Drainage District*, 175 Ill. 575.)   But in this case the rela-
tion of the parties to each other and the district is en-
tirely different.   The rights of each one depend solely
upon his individual relation with the district.  If any one
of them, by his voluntary act, has connected his lands
with the district, the law deems him as having volun-
tarily applied to have said lands included, and the com-
missioners may annex, classify and assess them.   If he
makes such an application, they have jurisdiction over
him and his lands, regardless of notice to or jurisdiction
over any other person.   The annexation is several as to
each land owner, although many tracts may be annexed
at the same time.  The question is whether the individual
and separate action of the owner has brought a particu-
lar tract of land within the jurisdiction of the commis-
sioners.  One owner may dispute the fact of having made
the connection and application contemplated by the stat-
ute, and his rights may depend upon the existence of such
fact.   As to another, the attempted annexation may be
void because the land cannot be identified, but there is
no joint relation between the owners.   We do not think
that one owner can object for another or insist that the
commissioners shall have jurisdiction over every other
person whose lands they may undertake to annex to the
district.  The pleas are not subject to the objection raised
by the special demurrer.

The pleas being a bar to the action and the People
electing to stand by the demurrer, it was proper for the
court to enter judgment.  The averments of the pleas not
being denied by replications, were admitted.   (16 Ency.
of Pl. & Pr. 567.)   Defendants were entitled to replica-
tions on the issues of fact tendered by their pleas.   No
matter what might have been the determination of any
issue formed on the replications to the second plea, the
defendants must have succeeded.   The pleas answered
the information, and their averments being admitted there
was nothing left to try.   When a defendant succeeds on

one plea which is a complete answer to a declaration, he is entitled to judgment in his favor in bar of the action. (*Dana* v. *Bryant*, 1 Gilm. 104; 2 Tidd's Pr. 741.) The judgment being entered upon the pleas in bar, replications to the second plea were of no avail.

The judgment is affirmed.     *Judgment affirmed.*