The People, ex rel. Mary Shanley et al., Appellees, v. Daniel J. O'Connor et al., Appellants.

Gen. No. 5,006.

APPEALS AND ERRORS—*when franchise involved.* A franchise is involved in an appeal to determine the propriety of a judgment in an action of *quo warranto* ousting a drainage district and drainage commissioners from the exercise of corporate powers, etc.

*Quo warranto:* Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Transferred to the Supreme Court. Opinion filed August 10, 1908.

JAMES J. CONWAY, for appellants.

CHARLES S. CULLEN, State's Attorney and BROWNE & WILEY, for appellees; L. H. STRAWN, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is an appeal by the commissioners of Union Drainage District No. 1 of the towns of Wallace and Waltham, in La Salle county, from a judgment in an action of *quo warranto* ousting said drainage district and said drainage commissioners from exercising any corporate powers, franchise or jurisdiction over cer-- tain lands of the relators which the drainage district had determined had been annexed to said district by the connection of drains on said lands with the drains of the district, under section 42 of the Farm Drainage Act. In many similar cases the Supreme Court has taken jurisdiction of appeals and writs of error directly from the Circuit Court. People v. Drainage District, 235 Ill. 278; Schafer v. Gerbers, 234 Ill. 468; Patton v. People, 229 Ill. 512; People v. Schafer, 228 Ill. 17; People v. Monroe, 227 Ill. 604; Hepler v. People, 226 Ill. 275; People v. Zellar, 224 Ill. 408; People v. Drainage District, 191 Ill. 623; People v. Commissioners, 189 Ill. 55; People v. Commissioners, 181 Ill. 177; People v. Drainage District, 155 Ill. 45; Drainage District v. People, 147 Ill. 404. In some of the above cases the right of the drainage district to exercise any jurisdiction was questioned. In others the lawful existence of the drainage district was conceded, and the attack was upon its effort to extend its jurisdiction over lands which had been outside of the district as originally organized. The ground on which the Supreme Court received these cases upon appeal or writ of error from the Circuit Court was doubtless that a franchise was involved. People v. Cooper, 139 Ill. 461, 485. While much of the controversy in the case before us relates to the question whether the proper defendants were before the court, yet it is assigned for error that the court erred in entering

the judgment of ouster. We are of opinion that we have not jurisdiction of this appeal. It is therefore our duty to transfer the cause to the Supreme Court under section 102 of the Practice Act of 1907. The clerk is therefore directed to transfer the record and files herein to the clerk of the Supreme Court.

*Transferred to the Supreme Court.*