(No. 11548.—Judgment affirmed.)

THE PEOPLE *ex rel.* W. O. Wilcox *et al.* Appellees, *vs.* THE
DRAINAGE COMMISSIONERS OF UNION DISTRICT No. 1
OF THE TOWNS OF PANA AND ASSUMPTION, Appellants.

*Opinion filed February 20, 1918.*

1. APPEALS AND ERRORS—*appeal to the Supreme Court must be
from a final judgment.* There must be a final judgment which set-
tles the rights of the parties in respect to the subject matter of the
suit and concludes them until it is reversed or set aside in order
to authorize an appeal to the Supreme Court, and the refusal of
the judge to enter a final judgment does not justify an appeal from
an interlocutory order.

2. SAME—*when interlocutory orders are not before Supreme
Court.* Interlocutory orders entered by the trial court on two of
the three pleas filed in a proceeding by information in the nature
of *quo warranto* are not before the Supreme Court for review on
appeal from the final judgment entered on the third plea.

3. SAME—*when former decision is res judicata on the second
appeal.* Where a cause is remanded for another trial and no addi-
tional evidence is offered on the second hearing, although the par-
ties are entitled to such evidence by the remanding order, a party
cannot have a review, by another appeal, of the questions decided
on the evidence on the first appeal, and the rule of law declared
on the first appeal is the law of the case on the second trial.

4. QUO WARRANTO—*information in nature of quo warranto is a
civil remedy.* While the proceeding by information in the nature
of *quo warranto* is a substitute for the ancient writ and retains
the character of a criminal prosecution to the extent that the pro-
ceeding is in the name of the people and criminal in form, it is not
criminal in its nature but is a civil remedy to call upon the defend-
ant to show by what warrant he exercises a franchise or privilege.

5. SAME—*court may direct a verdict in quo warranto proceed-
ing.* The jury are not judges of the law in a proceeding by infor-
mation in the nature of *quo warranto,* and the court may determine,
as a question of law, whether there is sufficient evidence of the
cause of action or defense to be submitted to a jury.

6. DRAINAGE—*right to annex lands to drainage district is statu-
tory.* The right to annex lands to a drainage district is purely statu-
tory and mere equitable considerations will not justify annexation.

7. SAME—*what evidence not sufficient to justify annexing lands
to district.* To justify annexing lands to a drainage district it is

not sufficient to show merely that the waters from such lands which are outside the district ultimately pass through and out of the district, but it must also be shown that an artificial drain or ditch has been constructed leading into a ditch or drain of the district or some drain or ditch artificially connected with the drainage ditch.

APPEAL from the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding.

TAYLOR & TAYLOR, and W. B. McBRIDE, for appellants.

JOHN E. HOGAN, and BROWN & BURNSIDES, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is the same proceeding by information in the nature of *quo warranto* which was before this court on a former appeal from the circuit court of Christian county wherein the judgment of the circuit court was reversed for error of the court in refusing to direct a verdict of guilty. (*People* v. *Barber,* 265 Ill. 316.) Upon the cause being reinstated in the circuit court the information was amended by leave of court, and to the amended information the defendants filed three pleas: The first a disclaimer of any right to exercise jurisdiction over certain lands described in the plea; the second a plea of *res judicata* by the original judgment of the circuit court as to the owners of lands who did not join in the appeal to this court; the third a plea of justification as to the lands not included in the first and second pleas, alleging that the owners had made the connection with the ditches of the district required by the statute and thereby made voluntary application to have their lands annexed. As to the first plea of disclaimer the relators moved for a judgment of ouster, but no judgment was entered. To the second plea the relators filed a demurrer, which was overruled, and they then filed a replication set-

ting forth the decision of this court on the appeal, and to that replication the defendants demurred. The demurrer was overruled and the defendants elected to stand by the demurrer, whereupon the relators asked for judgment on the lands described in that plea, but none was entered. As to the third plea of justification for the annexation of the lands not described in the first and second pleas, the relators replied traversing the allegations of the plea, and also filed a replication that a portion of the lands of the relators, prior to the attempted annexation, had been organized into another drainage district. Issues were joined and submitted to a jury and at the conclusion of the evidence the court directed a verdict of guilty, and judgment of ouster was entered accordingly as to the lands described in the third plea. This appeal was from that judgment.

The judgment of ouster was only as to the lands described in the third plea and did not include the lands described in the disclaimer nor in the plea of *res judicata,* and there being no final judgment as to those lands there is no question before the court on this appeal as to them. There must be a final judgment which settles the rights of the parties in respect to the subject matter of the suit and concludes them until it is reversed or set aside to authorize an appeal to this court, (*Keel* v. *Bently,* 15 Ill. 228; *Cunningham* v. *Loomis,* 17 id. 555;) and the refusal of the judge to enter a final judgment does not justify an appeal from an interlocutory order. *Brodhead* v. *Minges,* 198 Ill. 513.

The appellants have again cited authorities alleged to hold that the action of drainage commissioners in annexing lands can only be set aside where fraud is alleged and proved, and fraud not having been alleged either in the information or replications, it is contended that the court erred in directing a verdict. That question was considered and decided on the former appeal and is not now open to review.

The appellants also contend that the court has no power to direct a verdict in a proceeding by *quo warranto* because it is a criminal prosecution. While it is a substitute for the ancient writ and retains the character of a criminal prosecution to the extent that the proceeding is in the name of the people and criminal in form, it is not criminal in its nature but is a civil remedy to call upon the defendant to show by what warrant he exercises a franchise or privilege. (*People* v. *Shaw,* 13 Ill. 581; *Ensminger* v. *People,* 47 id. 384; *People* v. *Boyd,* 132 id. 60; *People* v. *Gartenstein,* 248 id. 546.) The jury are not judges of the law in such a case, and the court may determine, as a question of law, whether there is sufficient evidence of the cause of action or defense to be submitted to a jury.

The decision of the former appeal was final and conclusive upon the facts then in the record, but when the case was re-instated in the circuit court the parties were entitled to a jury trial and to introduce upon the second trial any further evidence they might have but were concluded by the rules of law laid down on the former appeal. The principal question of law decided on that appeal was whether the evidence then in the record fairly tended to prove the existence of the condition which by statute authorized the annexation of the lands, and it was decided that it did not. It was held, as a matter of law, that it is not sufficient merely to show that the waters from a tract of land outside of a drainage district ultimately pass through and out of the district, but it must further appear that an artificial drain or ditch has been constructed leading into a ditch or drain of the district or some drain or ditch artificially connected with the drainage ditch. If there is an artificial connection, direct or substantially direct, with the ditches of the district upon one tract, and other land owners construct drains on their lands connecting with such drain through which waters of the lands are conducted into the ditch of the district, there is a connection within the meaning of the statute, and

this was recognized on the former appeal. The evidence then in the record did not show such connection and the cause was remanded for another trial, at which both parties were permitted to produce further evidence. In such a case, if there is no additional evidence changing the former conclusion, a party cannot have a review, by another appeal, of the questions first decided, and on the second trial the rule of law declared is binding and becomes the law of the case. *Rising* v. *Carr,* 70 Ill. 596; *Hough* v. *Harvey,* 84 id. 308; *Champaign County* v. *Reed,* 106 id. 389; *Newberry* v. *Blatchford,* id. 584; *Tucker* v. *People,* 122 id. 583; *Smyth* v. *Neff,* 123 id. 310; *Village of Brooklyn* v. *Orthwein,* 140 id. 620; *City of Chicago* v. *Lord,* 279 id. 167.

The evidence in the record now before the court is substantially the same as before. The lands in the region where the district was organized in 1887 required drainage and there were ditches and drains on the lands involved. The ditches draining the lands of the relators were in existence before the organization of the district and were a material benefit to the lands, but nothing has since been done with them except to clean them out and keep them in repair and to improve the drainage by tiling or the construction of new ditches, but the relators have not connected their lands by a ditch or ditches with ditches of the drainage district. The right to annex lands to a drainage district is purely statutory and merely equitable considerations will not justify annexation. There has been no material change in the ditches, and the evidence being practically the same as before, the former judgment is conclusive and operates as *res judicata.*

The court did not err in directing a verdict, and the judgment is affirmed.                    *Judgment affirmed.*