(No. 11891.—Reversed and remanded.)

THE COMMISSIONERS OF SANGAMON AND DRUMMER DRAIN-
AGE DISTRICT, Appellees, *vs.* WILLIAM HOUSTON *et al.*
Appellants.

*Opinion filed June 20, 1918—Rehearing denied October 2, 1918.*

1. DRAINAGE—*what is not sufficient proof that lands sought to
be annexed to a district have been benefited.* The mere fact that
the flow of water in a natural water-course into which tile drains
empty has been accelerated is not sufficient proof of benefits to the
lands drained by the tile to warrant the annexation of such lands
to a levee drainage district composed of servient lands, but it must
further appear that the lands, when adapted only for agricultural
purposes, have been thereby rendered more productive and conse-
quently more valuable.

2. SAME—*lands cannot be annexed to a district merely because
they are included in the same watershed.* In determining whether
lands shall be annexed to a levee drainage district, the fact that
they are in the same watershed with the lands in the original dis-
trict is not the deciding factor, and where the lands of the origi-
nal district are all servient, the dominant lands cannot be annexed
merely to require them to contribute to the expense of relieving
the servient lands of the burden which the law casts upon them.

3. SAME—*when court's view of lands is not sufficient to justify
annexation to district.* Without evidence in the record showing
material benefits to lands sought to be annexed to a drainage dis-
trict organized under the Levee act the court's view of the lands
cannot be considered as sufficient to justify an order of annexation.

APPEAL from the County Court of Champaign county;
the Hon. ROY C. FREEMAN, Judge, presiding.

GREEN & PALMER, and SCHNEIDER & SCHNEIDER, for
appellants.

DOBBINS & DOBBINS, and PHILLIPS & SWANSON, for
appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Sangamon and Drummer Drainage District is a drain-
age district organized in the county court of Champaign
county under the Levee act and embraces lands in Cham-

paign and Ford counties. The chief purpose in organizing
the district seems to have been to reclaim lands subject to
overflow from Drummer creek by straightening, widening
and deepening that creek. The dredging of Drummer creek
extended south from the city of Gibson, in Ford county,
to the outlet of Drummer creek into the Sangamon river,
in Champaign county, and the drainage district as originally
formed apparently included only lands subject to overflow
from Drummer creek. The district ditch, constructed prin-
cipally in the bed of Drummer creek, was completed in 1913.
On May 8, 1917, the commissioners of the district filed their
petition in the county court of Champaign county to annex
approximately 10,000 acres of land in Ford county lying
outside the district as originally formed, it being charged in
the petition that the lands sought to be annexed would be
benefited by the work done and proposed to be done in the
district and that the owners of such lands had connected
their drains with the drains and ditches of the district. A
large number of land owners filed objections and a hearing
was had before the court. One objection, that some of the
lands sought to be annexed were in another drainage dis-
trict, was sustained as to those lands, and the commissioners
upon the hearing dismissed their petition as to certain other
lands. The court overruled the objections of the other land
owners and entered an order annexing their lands to the
district. From that order twenty-four land owners owning
3945 acres of land annexed to the district have prosecuted
this appeal.

Appellees conceded upon the hearing in the county court
that none of the land owners had made connection with any
drain or ditch of the district. The only work done by the
district consists of straightening, widening and deepening
Drummer creek, which was thus made the district ditch, and
it was not shown that the district proposed to construct any
additional ditches or drains. The only question presented
for determination in this case therefore was and is whether

the appellants' lands have been and will be benefited by the straightening, widening and deepening of Drummer creek south from the city of Gibson.

The lands of a portion of the appellants lie west of the drainage district as originally organized, and all of them, except 155 acres belonging to appellant Eliza W. Dunnan, have their drainage through natural water-courses which empty into the district ditch. These lands are located from one to three and one-half miles from the district ditch, and along the natural water-courses into which they drain have an elevation varying from 14.87 feet to 44.19 feet above their outlet into Drummer creek. None of the natural water-courses into which appellants' lands drain have a fall of less than 10 feet to the mile and some of them have a fall of 20 feet to the mile. The lands of the remaining appellants lie north of the district as originally formed. Some of them have their drainage into natural water-courses which empty into the drainage ditch or into Drummer creek north of the point where the district ditch begins, and the others have their drainage into Drummer creek from one to three miles north of the point where the district ditch begins. These lands along the natural water-courses into which they drain have an elevation varying from 16.14 feet to 40.70 feet above the original bed of Drummer creek and a fall of from 10 to 20 feet to the mile.

There is no contention that any of appellants' lands are or ever were subject to overflow from that portion of Drummer creek which has been widened and deepened, but it is appellees' theory that by reason of the construction of the district ditch the flow of water in Drummer creek above and north of the district ditch and in the natural water-courses having their outlet into the district ditch has been accelerated, resulting in improved tile drainage facilities and consequent benefits to appellants' lands. A careful consideration of all the evidence in the record leads to the conclusion that this theory is based entirely upon opinion evidence

and not upon facts. The mere fact that the flow of water in a natural water-course into which tile drains empty has been accelerated is not sufficient proof of benefits to the lands drained by the tile to warrant the annexation of such lands to a drainage district. It must further appear that the lands, when adapted only for agricultural purposes, have been thereby rendered more productive and consequently more valuable. There is a conflict in the evidence as to whether or not the construction of the district ditch has accelerated the flow of water in the natural water-courses into which appellants' lands drain, but there is no conflict in the evidence upon the question whether appellants' lands have been thereby rendered more productive. The evidence adduced is conclusive that, so far as material benefits are concerned, there has been no change in the condition of the lands of appellants since the construction of the district ditch.

While it is argued by appellees that appellants' lands have been benefited by the construction of the district ditch, in our judgment the following appearing in appellees' brief states the true reason for the attempt to annex these lands: "The entire burden of the construction of this immense outlet and drainage system has been borne by the lands which had theretofore been flooded and overflowed by the waters thrown down upon them by these objectors." This situation existed, however, because the lands which were subject to overflow were servient to appellants' lands, and the appellants cannot be required to contribute to the expense of relieving those servient lands of the burden which the law casts upon servient lands. If appellees' position were sound, then in organizing a drainage district under the Levee act the only question necessary to be considered in determining what lands should be included within the district would be whether the lands sought to be included were in the same watershed. That such is not the deciding factor in cases of this kind has been heretofore settled. *People*

v. *Barber,* 265 Ill. 356; *Inlet Swamp Drainage District* v. *Cooper,* 274 id. 77.

That appellees tried the case on the theory that because the appellants' lands were in the Drummer creek watershed they could and should be annexed to the drainage district is apparent from a consideration of the testimony of the witnesses testifying in their behalf. The engineer of the district, while testifying on his direct examination that appellants' lands have been benefited by the work of the district, on cross-examination testified that he did not know the elevation of appellants' lands as compared with the elevation of the lands subject to overflow from Drummer creek nor the extent of the fall across any of the lands sought to be annexed; that he did not know anything about the crops raised on any of these lands before or since the construction of the district ditch; that he had never seen any water standing on any of appellants' lands and never knew of any crops being injured or destroyed on account of lack of drainage; that when he examined the lands to determine whether they should be annexed to the district he took no levels but merely ascertained whether the lands drained into the main ditch, and that his testimony that appellants' lands were benefited by the work of the district was based entirely upon the fact that those lands drained into the district ditch. Each of the commissioners testified that he knew nothing about the crops raised on the lands before or since the improvement of Drummer creek. One of them testified that all of the lands sought to be annexed drained into the district ditch. He was then asked, "And when you found it drained into this ditch you filed your petition to annex these lands; that's what you were out there for, wasn't it?" to which he replied, "Yes, sir; that was the question." Another one of the commissioners testified that in his judgment any land the water from which drains into the district ditch has been benefited by the construction of the district ditch and ought to be annexed. The remaining commis-

sioner did not testify that any of appellants' lands had been benefited and gave no reason why they should be annexed. Appellees called other witnesses who ·expressed the opinion that appellants' lands had been benefited by the improvement of Drummer creek, but when their evidence is considered it is evident that their opinions were not based upon any material benefits to the lands, as practically all of them testified that their opinions were based solely upon the fact that appellants' lands were in the Drummer creek watershed and that the waters therefrom ultimately flowed into the district ditch.

Appellants called a large number of witnesses, most of them residents of the immediate neighborhood who had observed the condition of the lands both before and since the construction of the district ditch, and all joined in saying that there had been no damage to or destruction of crops on these lands because of lack of drainage before the district ditch was constructed and that there has been no improvement in the crops raised thereon since the ditch was constructed. The opinion of these witnesses was based upon substantial grounds, while the opinion expressed by the witnesses for appellees was based upon grounds which do not form any proper basis for the annexation of lands to a drainage district.

The court, before entering the order complained of, went upon and examined the lands sought to be annexed, but manifestly such examination disclosed nothing further than the fact that appellants' lands drained into the district ditch, and without evidence in the record showing material benefits the court's view cannot be considered as sufficient to justify the order annexing these lands to the district.

A portion of the right of way of appellant the Illinois Central Railroad Company is included in the lands annexed to the district. The proof shows that the waters never overflow the tracks on this portion of the right of way and that there has been no damage from water to the road-bed dur-

ing the past thirty years. The evidence fails to shows that the railroad right of way annexed to the district has been or will be benefited by the work of the district.

The order of the county court annexing appellants' lands is not sustained by the evidence and is therefore reversed and the cause is remanded.      *Reversed and remanded.*