(No. 12459.—Reversed and remanded.)
THE PEOPLE *ex rel.* William Moltz *et al.* Appellees, *vs.*
W. M. BARBER *et al.* Appellants.

*Opinion filed October 27, 1919.*

1. QUO WARRANTO—*information in nature of quo warranto is a
civil remedy.* While an information in the nature of *quo warranto*
must be carried on in the name of the People it is a civil remedy
to call upon the defendant to show by what warrant the exercise
of the franchise or privilege is claimed, and it is not necessary that
the People should present or prosecute the information.

2. SAME—*when individual may prosecute information to protect
private rights.* While a proceeding by information in the nature
of *quo warranto* is grounded on alleged usurpation of a franchise
of a public nature and not purely private, yet where an individual
has a private right, distinct from that of the public at large, affected
by a franchise or privilege, he may require the State's attorney to
file a petition for leave to file an information and may prosecute
the suit for protection of his rights.

3. DRAINAGE—*one land owner cannot object that land of an-
other was not properly annexed to district.* Although land owners
objecting to the annexation of their lands to a drainage district un-
der section 42 of the Farm Drainage act may join as relators in
the same information the annexation is separate as to each tract,
and one owner cannot object that the land of another was not prop-
erly annexed to the district.

4. SAME—*the Supreme Court has no jurisdiction as to lands of
owners who have not appealed.* The jurisdiction of the Supreme
Court is acquired by appeal or writ of error, and where land own-
ers have prosecuted an information in the nature of *quo warranto*
to test the legality of the annexation of their lands to a drainage
district and judgment has been rendered against them, on appeal
to the Supreme Court a judgment of reversal does not affect the
lands of the relators who have not joined in the appeal.

APPEAL from the Circuit Court of Christian county; the
Hon. J. C. McBRIDE, Judge, presiding.

TAYLOR & TAYLOR, and W. B. McBRIDE, for appellants.

BROWN & BURNSIDE, and J. E. HOGAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court: ·

An information in the name of the People of the State of Illinois, on the relation of the owners of sixty-two separate tracts of land, was filed in the circuit court of Christian county against appellants, commissioners of Union Drainage District No. 1 of the towns of Pana and Assumption, to test the legality of the annexation to the district of the several tracts of land. The defendants filed a plea justifying the annexation under section 42 of the Farm Drainage act, which provides that if individual land owners outside the district shall connect their lands with the ditches of the district they shall be deemed to have voluntarily applied to be in the district, and alleging that each land owner had so connected his land with the ditches of the district. A replication denying that the relators had connected their several tracts of land with the ditches of the district was filed, and there was a trial by jury, resulting in a verdict of not guilty and judgment in favor of the defendants. On appeal to this court by a large number of the relators, not including the appellees, the judgment was reversed and the cause remanded. (*People* v. *Barber,* 265 Ill. 316.) The cause being re-instated in the circuit court, the defendants filed three pleas as to different tracts of land: First, a disclaimer of any right to exercise jurisdiction over certain lands described in that plea; second, a plea of *res judicata* by the original judgment of the circuit court as to the owners of lands who did not appeal from that judgment; third, a plea of justification as to the lands not included in the first or second plea, alleging that the owners had made connections required by the statute with the ditches of the district. To the second plea the relators named therein filed a demurrer, which was overruled, and they then filed a replication setting forth the decision of this court on the appeal of other relators, and to that replication the defendants

demurred. The demurrer was overruled and the defendants elected to stand by the demurrer, whereupon the relators asked for judgment on the lands described in the plea but none was entered. There was a trial of the issue raised by the third plea of justification, resulting in a verdict and judgment for the relators named in that plea. The judgment of ouster was only as to the lands described in the third plea and did not include the lands described in the disclaimer nor in the plea of *res judicata.* From that judgment an appeal was prosecuted to this court and the judgment was affirmed. (*People* v. *Drainage Comrs.* 282 Ill. 514.) Afterward the circuit court found, from competent evidence of the fact, that judgment was pronounced as to the lands described in the second plea on March 9, 1917, but the clerk failed to enter the judgment of record, and judgment was therefore entered *nunc pro tunc* as of that date, ousting the defendants from exercising any jurisdiction over said lands and for costs. From that judgment this appeal was prosecuted.

The replication set forth that the relators jointly and severally prayed an appeal to this court from the judgment of the circuit court in favor of the defendants; that the appeal was allowed upon the relators, or any of them, filing an appeal bond, to be approved by the clerk, within forty days, and that an appeal bond was filed in the case by certain of the relators and the judgment was reversed. By the replication the relators claimed the benefit of the judgment of reversal on the appeal prosecuted by other owners of lands, and the court gave them that benefit by overruling the demurrer.

An information in the nature of *quo warranto* must be carried on in the name of the People, but it is not necessary that the People should present or prosecute the information. (*Chesshire* v. *People,* 116 Ill. 493.) The action being grounded on alleged usurpation or misuse of a franchise or privilege, the franchise or privilege must be of a

public nature and not purely private; but where an individual has a private right distinct from that of the public at large, affected by a franchise or privilege, he may compel the State's attorney to file a petition for leave to file an information and may prosecute the suit for protection of his rights. (*People* v. *Healy*, 230 Ill. 280.) The proceeding is a civil remedy to call upon the defendant to show by what warrant the exercise of the franchise or privilege is claimed. The right to include any tract of land in a drainage district under section 42 of the Farm Drainage act depends upon the owner of that tract having connected his land with the ditches of the district, but where different land owners question the right of drainage commissioners to annex their lands to a drainage district, any number of separate land owners may join as relators in the same information. (*People* v. *O'Connor*, 239 Ill. 272.) If the commissioners in such case attempt to justify their action in annexing lands of the relators to the drainage district, it is incumbent upon them to prove such connection as to each separate tract of land. The annexation is separate as to each tract although many tracts may be annexed at the same time, and one owner cannot object that the land of another was not properly annexed to the district. *People* v. *Bug River Drainage District*, 189 Ill. 55; *People* v. *Barber, supra*.

There was a final judgment against the owners of the lands described in the second plea and the owners did not join in the appeal. The jurisdiction of this court is acquired by appeal or writ of error, and the court had no jurisdiction to review the judgment of the circuit court as to lands whose owners did not appeal nor assign errors on the record. Whatever was said by the court in the opinion delivered or whatever judgment was entered was necessarily limited to the case over which the court had jurisdiction. Those who appealed from the judgment assigned errors on the record, which was their declaration of alleged errors committed against them, but they could not complain that

the judgment was wrong as to the lands of others, concerning which they had no right to object in the circuit court. The judgment for the defendants was in full force, not set aside or reversed, and was final and conclusive as to the lands of the appellees named in the second plea, and the court erred in overruling the demurrer.

The judgment of the circuit court is reversed and the cause remanded, with directions to sustain the demurrer to the replication.

*Reversed and remanded, with directions.*