---

(No. 13001.—Reversed and remanded.)
THE INLET SWAMP DRAINAGE DISTRICT, Appellee, *vs.* FRED MEHLHAUSEN *et al.* Appellants.

*Opinion filed February 18, 1920.*

1. DRAINAGE—*what is a natural water-course.* If the conformation of the land is such as to give to the surface water flowing from one tract of land to another a fixed and determinate course, so as to uniformly discharge the water upon the servient tract at a fixed point, the course thus uniformly followed by the water is a natural water-course.

2. SAME—*what does not justify annexation of land to drainage district.* An owner of land may empty surface waters into a natural water-course by tile or open ditch, and the fact that he has cleaned out the water-course when dirt has fallen in from the sides does not make it such an artificial ditch as to justify annexing his land to a drainage district into which the water-course flows.

3. SAME—*court's view of land is not, alone, sufficient to justify finding that water-course is artificial.* Without evidence in the record showing that a water-course is an artificial ditch, the court's view of the land is not, alone, sufficient to justify finding that the ditch is artificial.

4. SAME—*tract to be annexed as a unit to drainage district is not limited to ten acres under Levee act.* Under the Levee act a ten-acre tract is not the smallest subdivision that may be annexed as a unit to a drainage district.

5. SAME—*when former holding by county court is not binding upon Supreme Court.* A holding by the county court, in a proceeding to annex land to a drainage district, that a certain water-course was artificial, is not binding upon the Supreme Court in reviewing a subsequent proceeding to annex another part of the land draining through the same channel.

APPEAL from the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding.

EDWARD H. BREWSTER, for appellants.

H. A. BROOKS, and GROVER W. GEHANT, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lee county ordering the annexation to the Inlet Swamp Drainage District of certain lands of appellants, Fred Mehlhausen and Emma Schinzer, under section 58 of the Levee act. The application of the district as originally made covered five different tracts of land belonging to these two appellants, amounting in all to 151.62 acres. After a hearing in the county court an order was entered annexing 81.62 acres of the land and the remaining 70 acres were dismissed from the proceedings.

Appellant Mehlhausen owns 61.62 acres of the land annexed involved in this appeal, his land being situated in section 30, township 39, range 1. Emma Schinzer owns 20 acres of the land so annexed, her land being located in section 31 of said township and range and south of the Mehlhausen land but not immediately adjoining it. The main ditch of the drainage district, with which it is claimed connection was made, is situated easterly of the land here in question, running along the center line of section 32 to the south line of section 29, which is a continuation of the south line of section 30, where the main ditch turns east and runs along the section line between sections 29 and 32. It is agreed that from about the center of the section line between sections 29 and 32 an artificial ditch has been made along the section line, connecting with the levee district ditch, and which is called the Wiener lateral. The evidence in the record tends to show that an artificial ditch or natural water-course has existed for years near the western

boundary of the north half of section 30, crossing the southern half of section 30 in a southeasterly direction into the southwestern corner of section 29 and emptying into the Wiener lateral a quarter of a mile east of the southeast corner of section 30. The principal question in dispute as to the Mehlhausen land being properly annexed is whether or not this last named passageway for water is an artificial ditch or a natural water-course, as that term has been defined with reference to drainage.

Several witnesses testified on this question. As we understand the record, with one exception all of them—some testifying on the part of appellants and some for appellee—called this a natural water-course. The exception was one of the drainage trustees, who at times called it an artificial ditch but in other parts of his testimony called it a water-course. It is clear from his testimony, however, that he had no personal knowledge of it being an artificial ditch; that what he knew on that subject was purely hearsay, gathered from what someone had told him as to the digging of the ditch. Some of the witnesses testified that this water-course had existed long before the drainage district was originally organized, and that water had run in this course always in the same place where it is now claimed there is an artificial ditch; that it had been bridged by farmers at several places for the purpose of crossing, and that in times of high water it has always taken a well-defined course across the Mehlhausen land. The only surveyor who testified was the superintendent of highways of Lee county. He presented a plat of his measurements showing elevations and other details in connection with this alleged waterway, and testified that from the western part of section 30, across to the eastern boundary line of the section, there was a marked fall in the surface of the land of between ten and fifteen feet; that the water-course had a fixed and determinate course so as to uniformly discharge the surface water in a southeasterly direction, which ultimately would go into

the Wiener lateral and thence into the north ditch of the drainage district. There is no positive testimony that Mehlhausen had ever done any work on this so-called artificial ditch on his land. There is testimony that tends to show that one of the land owners east of his land had straightened its course by building an artificial ditch across a neck of land, so as to shorten the distance the water had to run in going into the Wiener lateral. Beyond this, the only evidence as to the work on this ditch is indefinite testimony that certain portions of the ditch had been cleaned out at times as to the dirt that had fallen in from the sides.

This court has held that if the conformation of the land is such as to give to the surface water flowing from one tract to the other a fixed and determinate course, so as to uniformly discharge the water upon the servient tract at a fixed and definite point, the course thus uniformly followed by the water in its flow is a water-course within the meaning of the rule applicable to that subject. (*Lambert* v. *Alcorn,* 144 Ill. 313; *St. Louis Merchants' Bridge Terminal Railway Ass'n* v. *Schultz,* 226 id. 409; *Ribordy* v. *Murray,* 177 id. 134.) The Mehlhausen land involved in this appeal was in the region of this district when it was organized, in 1887. There can be no question from the evidence that the surface water on the Mehlhausen land here involved naturally flowed towards the so-called Wiener lateral. This court, in discussing a similar question in *People* v. *Barber,* 265 Ill. 316, said (p. 323) : "The evidence shows that the lands included in the drainage district as originally formed, so far as drainage is concerned, are, and always have been, servient to the lands of the relators, and that the relators have done nothing further than to collect the surface waters upon their respective tracts of land and by means of tile drains and open ditches conduct them, in the natural course of drainage, into natural water-courses which either directly or indirectly have as their outlet the ditches of the district. Such acts on the part of land owners outside a drainage dis-

trict do not constitute connecting with the ditches of the district within the meaning of the statute. In order to establish that a tract of land lying outside a drainage district has been connected by the owner with the ditches of the district it is not sufficient to merely show that the waters from that tract ultimately pass into and through the district ditches, but it must further appear that an artificial ditch has been constructed leading from that land directly into the district ditch or into some ditch which has been theretofore artificially connected with the drainage ditch." See to the same effect, *Inlet Swamp Drainage District* v. *Gleim,* 272 Ill. 551, and *People* v. *Drainage Comrs.* 282 id. 514.

The rule of law undoubtedly is that an owner of land may empty his waters into a natural water-course by tile or open ditch. (*Inlet Swamp Drainage District* v. *Cooper,* 274 Ill. 77; *People* v. *Barber, supra.*) Under the authorities we think the great weight of the evidence shows that this was a natural water-course, and that Mehlhausen, by means of tile, had drained the land here in question into this natural water-course. Conceding, for the purposes of this case, that the proof shows that Mehlhausen had cleaned out this water-course slightly several years before as to dirt that had fallen in from the sides, this would not make it such an artificial ditch as to justify this land being annexed to the district. *People* v. *Drainage Comrs. supra.*

It is argued by counsel for appellee that certain land owned by Mehlhausen north of the land here in question was annexed to the district by county court proceedings several years ago, and that if such land north of this was properly connected with the district this land must also be held to be properly connected, as they both drain through the same water-course. Conceding, for the purposes of this case, that the other land was so annexed and drained into the same water-course, there is no merit in the argument that such former holding by the county court that this was

an artificial drain would be binding upon this court in this proceeding.

It is also argued by counsel for appellee that the county judge visited this land during the hearing and found that this was an artificial water-course. Without evidence in the record showing that it was an artificial ditch, the court's view of the land, alone, is not sufficient to justify finding that such ditch is an artificial ditch. (*Sangamon and Drummer Drainage District* v. *Houston,* 284 Ill. 406.) The great weight of the evidence in the record, in our judgment, shows that this is a natural water-course and not an artificial ditch, and therefore the county court wrongly annexed the land of appellant Mehlhausen.

What has been said heretofore in no way affects the question whether Mrs. Schinzer's 20 acres was properly annexed. Her land annexed is in two 10-acre tracts, one being the northeast quarter of the southeast quarter of the northwest fractional quarter of section 31, and the other being the southeast quarter of the northeast quarter of said northwest fractional quarter. It is conceded that 10 acres of this was properly annexed, because it has been connected by tile drain with the tile drains of the land of an adjoining land owner, Gonnerman, the outlet of whose tile ultimately was connected with the ditches of the drainage district. The evidence in the record does not show in what way or at what point Gonnerman's tile connects with the ditches of the drainage district. The only question here in dispute, however, is whether the entire 20 acres should be annexed to the district or only 10 acres. It is argued earnestly by counsel for the appellants that the evidence shows, practically without contradiction, that only about seven acres of Mrs. Schinzer's land is tiled and drains through the Gonnerman tile. The only definite evidence on this question seems to support strongly the argument of counsel in this regard. There is some indefinite testimony on the part of appellee that more than 10 acres is benefited.

Counsel for appellee also argue that a 10-acre tract is the smallest subdivision that ought to be annexed as a unit to a drainage district. We find no justification in the wording of the Levee statute to support this argument, and in view of the record we think the county court should have only annexed of Mrs. Schinzer's land the north half of the northeast quarter of the southeast quarter of the northwest fractional quarter of section 31 and the south half of the southeast quarter of the northeast quarter of the northwest fractional quarter of section 31.

The judgment of the county court will be reversed and the cause remanded, with directions to enter a judgment sustaining objections to the annexation of the Mehlhausen land and to modify the judgment as to the Schinzer land as herein specified.

*Reversed and remanded, with directions.*